· 642 A.2d 581.

### TANGLWOOD LAKES COMMUNITY ASSOCIATION, Appellant,

v.

### PIKE COUNTY BOARD OF ASSESSMENT and Revision of Taxes.

Commonwealth Court of Pennsylvania.

Argued April 11, 1994.

Decided May 18, 1994.

Scott A. Ruth, for appellant.

Stacey Beecher–Chelak, for appellee.

Before McGINLEY and PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Appellant, Tanglwood Lakes Community Association (Association), on behalf of the owners of lots situate in a subdivision in Palmyra Township, Pike County, known as Tanglwood Lakes, appealed to the Pike County Board of Assessment and Revision of Taxes (Board), the real estate assessments imposed on the owners' property for the tax year 1993. The Board denied the owners' appeal and an appeal de novo was taken to the Court of Common Pleas, alleging that the assessments were excessive and lacked uniformity. The Board denied this allegation.

The Association then served two sets of interrogatories on the Board seeking extensive discovery from the Board on the ground this appeal was a complex case involving mass appraisals of numerous properties by a revaluation company employed by the Board. Upon refusal by the Board to answer the second set of interrogatories, the Appellant moved to compel answers to the interrogatories and request to produce documents or, in the alternative, to allow such discovery.

In denying the Appellant's motion to compel discovery, the trial court said:

At the crux of the issue is whether the Rules of Civil Procedure apply to tax assessment Appeals. According to our own Supreme Court, the Rules of Civil Procedure do

not apply. *In re: Appeal of Churchill,* 525 Pa. 80, 575 A.2d 550, 553–54 (1990). Therefore, we may not be so bold as to grant the Petitioners' request.

■ Subsequently, Judge Colins of this Court granted this appeal from an interlocutory order, but the issue on appeal was expressly limited to the question of whether the discovery rules contained in the Rules of Civil Procedure apply to a de novo tax assessment appeal in a court of common pleas.[1]

The scope of the discovery rules is set forth in Pa.R.C.P. 4001:

(a)(1) The rules of this chapter apply to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules, including any action pursuant to the Eminent Domain Code of 1964 or the Municipal Claims Act of 1923.

(2) These rules shall not apply to an action of divorce or for annulment of marriage, an action for support, or an action for custody of minor children except to the extent prescribed by the rules governing those actions.

The Comment of the Civil Procedural Rules Committee points out that the language of Rule 4001(a) is broad enough to embrace every conceivable form of action, but that the application of the Rules to eminent domain and to divorce, custody and support proceedings was not uniform, hence the 1978 amendments. 9 Goodrich–Amram 2d, p. 110. By those amendments, the rules were applied to eminent domain actions, but leave of court was required for discovery in divorce, custody, and support proceedings. Discovery in tax assessment appeals is not specifically mentioned.

In the case of *Washington Mall Tax Assessment Appeal,* 50 Wash. Co.Rep. 109 (1969), in upholding objections to interrogatories propounded by the taxpayer in a tax assessment appeal, the court held that discovery was not a matter of right

1. Where one of the parties refuses to turn over relevant information at the assessment board level, the trial court may hear the appeal de novo because the record is incomplete. *School District of Erie v. Hamot Medical Center,* 144 Pa.Commonwealth Ct. 668, 602 A.2d 407 (1992).

in a statutory appeal but, by leave of court, permitted the taxpayer to resubmit inquiries for material available to the county, that was not of public record, which did not call for an unreasonable burden on the county.

In the case of *Garrett v. Bamford*, 582 F.2d 810 (3d Cir. 1978), taxpayers had instituted an action on behalf of themselves and their class to challenge the county method of assessment as racially discriminatory. The Court of Appeals had previously held the taxpayers did not have an adequate remedy under the Pennsylvania statutory procedure to review county real estate tax assessments. In response to the latter decision, the Pennsylvania legislature amended the statute to permit class actions. The taxpayers contended, inter alia, that the amended statute still did not provide an adequate remedy because the class action procedure applied only to the administrative level and not to the court of common pleas.

In rejecting that contention, the *Garrett* court pointed out that the general assembly could not legislate the procedure to be followed in the state court. The court said:

> The question then becomes whether the existing rules of civil procedure which govern class actions, adopted by the state supreme court, Pa.R.C.P. No. 1701 et seq., 42 Pa. C.S.A., would permit the taxpayer class to appeal as a class in the state courts. In the absence of some specific prohibition, and with the imprimatur of the legislature, we see no reason why such a class could not be certified in the state court under the normal rules governing class actions.

*Id.* at 815.

The Court of Appeals, therefore, held that the court of common pleas could apply the rules of civil procedure governing class actions in tax assessment appeals.

Both the Board and the Association rely upon *Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990), in support of their contentions. In *Churchill*, the hearing judge in a tax assessment appeal had permitted the parties to file exceptions to his order finding the fair market value of the subject property. Both parties had then appealed from the

court's order dismissing their exceptions. The Commonwealth Court quashed all appeals as untimely because exceptions do not lie in tax assessment cases, because the General County Assessment Law[2] does not call for them, the Rules of Civil Procedure do not apply to such cases, and no local rule governs this practice.

In reversing this Court, the Supreme Court held that, while the Rules of Civil Procedure do not apply, because it had not yet incorporated those rules in tax assessment appeals:

[O]ur trial courts have had the right to enact rules and publish these to cover practice in this area of the law [statutory appeals]. Where they have not created and published such local rules, then each trial court has been vested with the full authority of the court to make rules of practice for the proper disposition of cases before them and that we have enforced those rules unless they violated the Constitution or laws of the Commonwealth or United States, or our state-wide rules. The general, inherent power of all courts to regulate their own practice, without control, on the ground of expediency, has been recognized by this court for almost one hundred and eighty years, ... and we see no reason at this time to disturb that well-settled principle.... We reaffirm the right of the trial court to regulate the practice before it by permitting or refusing to permit exceptions in tax assessment appeals and in general over all statutory appeals....

*Id.* at 89–90, 575 A.2d at 554–55 (citations omitted).

■ Similarly, in the absence of a state-wide rule, or a local rule of court, we hold that the trial court has the inherent power in its sound discretion to permit or to refuse discovery in tax assessment appeals.[3] Accordingly, this case is remand-

---

**2.** Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. 5020–1—5020–602.

**3.** The issue on appeal is limited to whether discovery is mandatory or allowed in tax assessment appeals. We hold that while it is not mandatory, it is allowed. We are not passing on the scope or extent of such discovery if allowed. Nor are we passing on the claim of immunity raised by the Board, nor whether the appeals are individual appeals or a class action.

ed to the trial court to determine in its sound discretion whether discovery shall be allowed.

## ORDER

NOW, May 18, 1994, consistent with the foregoing opinion, this case is remanded to the trial court to determine, in its sound discretion, whether discovery shall be allowed.

Jurisdiction relinquished.