Rick **SNYDERMAN** and the School District of Philadelphia

, v.

The **PENNSYLVANIA LIQUOR CONTROL BOARD** and World Beat Restaurants, Inc.

The **School District of Philadelphia, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 1996. Decided Aug. 30, 1996.

---

Harry S. Tischler, for Appellant.

Gary F. Di Vito, for Appellee, World Beat Restaurants.

Before COLINS, President Judge, FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The School District of Philadelphia (the District) has timely filed an appeal from the December 15, 1995 order of the Philadelphia Court of Common Pleas (trial court) that granted World Beat Restaurants, Inc.'s (World Beat) motion to strike the District's praecipe to intervene in a statutory appeal from a decision by the Pennsylvania Liquor Control Board (LCB). We affirm.

World Beat filed an application on October 5, 1994, for a double transfer of liquor license TR–338. Protests were filed by two individual residents, whose homes were located within 500 feet of the proposed licensed premise, and by the District. The District operates the Meredith Elementary School which is located within 211 feet of the proposed premises.

Of the two individual residents, only Rick Snyderman (Snyderman) appeared at the evidentiary hearing which was held before

Hearing Examiner Arthur McWilliams of the LCB on May 19, 1995. The District was represented by counsel and the principal of the Meredith School, Stuart Cooperman. Following the hearing, Examiner McWilliams filed his report recommending that World Beat's transfer application be denied. However, on July 10, 1995, the LCB issued an order that approved the license transfer for World Beat.

Snyderman filed a timely appeal from the LCB's decision on July 31, 1995, pursuant to Section 464 of the Liquor Code (Liquor Code).[1] The District filed a praecipe to intervene three days later on August 3, 1995, pursuant to Philadelphia Civil Rule No. 320.[2] When initially presented with the praecipe, the trial court believed that the District had not appeared in the proceedings below and, therefore, could not intervene. After being informed that the District had appeared before the LCB, the trial court still elected to grant the motion to strike. The trial court noted Rule No. 320 was only meant to apply to local administrative agency appeals and that the District could not intervene as of right in an appeal from a Commonwealth agency. By order of December 15, 1995, the trial court struck the District's praecipe to intervene and affirmed the decision of the LCB.[3]

The District appealed to this Court,[4] contesting the trial court's grant of the motion to strike the praecipe to intervene and to determine whether the trial court committed reversible error in affirming the decision of the LCB. Due to our disposition of the first issue we need not address the merits of the LCB's decision.[5]

Procedures for appeals from administrative decisions are governed by the enabling

---

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–464, reads in pertinent part:

   [A]ny church, hospital, charitable institution, *school* or public playground located within three hundred feet of the premises applied for, *aggrieved by the action of the board* in granting the issuance of any such license or the transfer of any such license, *may take an appeal limited to the question of such grievance, within twenty days from date of refusal or grant,* to the court of common pleas of the county in which the premises or permit applied for is located....The court shall hear the application de novo on questions of fact, administrative discretion and such other matter as are involved, at such time as it shall fix, of which notice shall be given to the board. The court shall either sustain or over-rule the action of the board and either order or deny the issuance of a new license or the renewal or transfer of the license ... to the applicant. (Emphasis added.)

2. The pertinent text of Rule No. 320 is included herein:

   (A) *Applicability.* This rule shall apply to all appeals from administrative agencies and boards except to the extent otherwise provided by Philadelphia Civil Rule 325 for appeals from the Zoning Board of Adjustment and Philadelphia Civil Rule 330 for appeals from the Board of Revision of Taxes.
   (B) *Definitions.* With respect to appeals from administrative agencies, words used in these rules which are defined by the Local Agency Law shall have the meanings given to them by that Law.

   (C) *Manner of Taking Appeal.* An appeal from an adjudication of a *local administrative agency, authorized by the Local Agency Law,* other Acts of Assembly or Ordinances, shall be taken by filing with the Prothonotary a Notice of Appeal within the time and in the form prescribed by these rules. (Emphasis added.)
   (D) *Time for Appeal.* An appeal shall be filed not later than thirty days after the date of the adjudication by the agency unless otherwise provided by statute or ordinance. The date of the adjudication shall be the date of mailing of the notice of adjudication by the agency, which date shall be separately and clearly designated on such notice. (Footnotes and citations omitted.)

3. Courts of common pleas have jurisdiction over appeals from final determinations of the LCB pursuant to Section 933(a)(1)(v) of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(v).

4. Our scope of review where a common pleas court has heard a liquor license matter de novo is limited to determining whether there is substantial evidence to support the common pleas court's findings or whether the common pleas court committed an error of law or abused its discretion. *K & K Enterprises, Inc. v. Pennsylvania Liquor Control Board,* 145 Pa.Cmwlth. 118, 602 A.2d 476 (1992).

5. Despite Snyderman's failure to prevail before the trial court, he did not pursue an appeal to this Court.

legislation that authorizes the appeal, e.g., the Liquor Code, the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704,[6] and the Pennsylvania Rules of Civil Procedure or the Pennsylvania Rules of Appellate Procedure. However, none of the aforementioned governs intervention in an appeal from a LCB decision to a trial court.

Section 464 of the Liquor Code clearly provides for a statutory appeal. Indeed, Section 464 delineates that the remedy available for a school that is aggrieved by an LCB determination is to take an appeal within twenty days. However, the Liquor Code does not address intervention in an LCB appeal and, therefore, cannot provide authority on the subject. Moreover, as noted, the Administrative Agency Law is inapplicable to appeals taken to a trial court. In addition, it also fails to address intervention. Therefore, it cannot give any guidance on the subject.

■ While Pa.R.C.P. No. 2327 recognizes intervention, it is not applicable to statutorily created appeals, such as exists here. *Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990). In comparison, Pa.R.A.P. 1531(a) recognizes a right of intervention in appeals from a governmental unit to this Court; however, its scope is limited by Pa.R.A.P. 1501 which excludes appeals from government agencies to common pleas courts.

■ The District attempted to justify its intervention by averring that there is a right stemming from language found in Philadelphia Rule No. 320.[7] The District cites *Burkhart v. Brockway Glass Co.*, 352 Pa.Super. 204, 507 A.2d 844 (1986), *petition for allowance of appeal denied*, 514 Pa. 615, 521 A.2d

930 (1987), for the proposition that it should not be penalized for relying on the rules of the forum. However, a careful reading of Rule No. 320 in its entirety shows that it is intended to apply only to local agency appeals and not to appeals from state agencies.

■ In the absence of authority governing the process of intervention in an appeal from an LCB decision to a trial court, we hold that the trial court has discretion to rule on this matter. *See Tanglwood Lakes Community Association v. Pike County*, 164 Pa.Cmwlth. 170, 642 A.2d 581 (1994). In *Tanglwood*, an appeal de novo was taken from the county tax assessment board to the trial court. An issue arose concerning the applicability of the discovery rules under the civil procedure rules. The Court recognized that the civil procedure rules were not applicable to tax assessment appeals and stated that, "in the absence of a statewide rule, or a local rule of court, ... the trial court has the inherent power in its sound discretion to permit or refuse discovery." *Id.* 642 A.2d at 583. *See also Churchill.* Although the *Tanglwood* court limited its holding to tax assessment cases, we rely on its reasoning and apply it to the facts here.

■ A determination lying within a court's discretion will not be disturbed absent a manifest abuse of that discretion. *Paden v. Baker Concrete Construction, Inc.*, 540 Pa. 409, 658 A.2d 341 (1995). A showing of a trial court's abuse of discretion requires "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.* at 412, 658 A.2d at 343. A review of the record reveals that the trial court's failure to grant

---

6. Section 701(b)(2) of the Administrative Agency Law, 2 Pa.C.S. § 701(b)(2) exempts from the scope of administrative agency law:

   Any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under 42 Pa.C.S. § 933 (relating to appeals from government agencies).

7. The District quotes language that appears at the bottom of a form appended to subpart (E) of Rule No. 320. The language relied on reads:

   Please take notice that all parties that entered an appearance in the proceedings before the

agency *may intervene as of right* in this appeal by filing a praecipe to intervene within thirty days of the date of this notice. (Emphasis added.)

However, this form is entitled "Notice of Appeal" and is meant to be served on other parties to the action by the party that is filing the appeal. Here, Snyderman filed his appeal pursuant to Section 464 of the Liquor Code and did not serve notice that conformed to the form herein.

the District's intervention did not amount to an abuse of discretion. The fact that the District had a statutory appeal available, which it did not utilize, and its failure to provide sufficient grounds for intervention supports a conclusion that the trial court's judgment was not unreasonable. We also recognize that the District's motivation in seeking intervention was due to its failure to appeal within the twenty day statutory limit.

Thus, we conclude that the trial court did not abuse its discretion in granting the motion to strike the District's praecipe to intervene. Accordingly, we affirm the trial court's order.

## ORDER

NOW, August 30, 1996, the order of the Court of Common Pleas of Philadelphia County, in the above-captioned case, dated December 15, 1995, is affirmed.