**TERMINAL FREIGHT HANDLING CORP.**

v.

**BOARD OF ASSESSMENT APPEALS.**

Sears/Terminal Freight Handling Corp.

v.

Board of Assessment Appeals (Three Cases).

Appeal of Terminal Freight Handling Corp. and Sears/Terminal Freight Handling Corp.

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2001.
Decided Dec. 5, 2001.
As Amended Dec. 10, 2001.
Reargument Denied Jan. 30, 2002.

Anthony R. Thompson, Allentown, for appellants.

John A. Bednarz, Jr., Wilkes–Barre, for appellees, Sugar Notch Borough and Warrior Run Borough.

Robert V. Davidson, Kingston, for appellee, Hanover Tp.

Joseph Van Jura, Wilkes–Barre, for appellee, Hanover Area School Dist.

David E. Schwager, Wilkes–Barre, for appellee, Bd. of Assessment Appeals.

Before PELLEGRINI, Judge, KELLEY, Judge and RODGERS, Senior Judge.

Opinion by Judge PELLEGRINI.

Sears/Terminal Freight Handling Corporation and Terminal Freight Handling Corporation (collectively, Sears) appeal from the entry of a judgment of non pros by the Court of Common Pleas of Luzerne County (trial court) for Sears' inexcusable delay in proceeding with tax appeals for its warehouse parcels filed in 1994 and in 1998.

In October 1992, the Luzerne County Assessment Office sent Sears notice of its original assessment following the completion of the newly built Sears' warehouse on a 127–acre tract situated in three municipalities: Hanover Township, Warrior Run Borough and Sugar Notch Borough.[1] In November 1992, Sears appealed to the Luzerne County Board of Assessment Appeals (Board). In 1994, the Board issued a decision denying Sears' appeal, and Sears took one appeal from that decision for all three parcels to the trial court. In September 1997, Sears again appealed for the 1998 tax year which the Board again denied. In December 1998, Sears filed three separate appeals from the Board's final decision with the trial court for each tax parcel. A motion to consolidate these appeals was filed which the trial court granted.

▉ In December 2000, the trial court, *sua sponte,* issued an order requiring Sears to show cause why its appeals in 1994 and 1998 should not be non prosed. Pursuant to Pa. R.J.A. No. 1901(a), a trial court on its own motion may terminate a case that has been inactive for an unreasonable amount of time.[2] A judgment of non pros may be entered when:

<hr />

1. The valuation of the property was listed as follows:

Land . . . . . . . . . . . . . . . 205,520
Building . . . . . . . . 2,145,820

Total . . . . . . . . . . . 2,351,340

2. Pa. R.J.A. No. 1901(b) provides that each court of common pleas is primarily responsible for the implementation of the policy ex-

- there is a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude;
- the plaintiff had no compelling reason for the delay; and
- the delay has caused actual prejudice to the defendant.

*Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998).[3]

To support its contention that it proceeded with due diligence and any delays in proceedings were warranted, Sears presented the testimony of Gregory C. Lotz, Esquire (Attorney Lotz), who testified that because he was in the midst of settlement negotiations with the parties involved in this case, he never forwarded the case to trial. He stated that he had difficulty arranging settlement meetings with all the parties, he sent approximately 19 letters to opposing counsel in an attempt to schedule meetings, and only three face-to-face meetings took place between the parties from the period between 1994 and 2000. He acknowledged that during this time, he never made a settlement demand to any of the parties, he never provided cost data to opposing counsel upon their request, and he was never provided with cost information from Sears.

To establish that the Board and the taxing authorities suffered no prejudice as a result of the delay, Sears presented the testimony of Leonard Patcella, Jr. (Mr. Patcella), an industrial real estate appraiser, who opined that there was no prejudice suffered by the delay in proceedings as there was a sufficient amount of data available for use in conducting a retrospective appraisal of the property for each year after 1992. Mr. Patcella testified that Sears could obtain appraisals using all three valuation methods—the cost approach, the market data approach and the income approach.

He further stated that for tax assessment purposes, any changes on the premises after 1992 would be readily noticeable because the building was newly built and underwent only small additions over the years. When questioned concerning an appraisal made by John J. Coyle, (Coyle), MAI, in 1997, Mr. Patcella acknowledged that Coyle had determined that the income approach could not be utilized because it was too speculative and that Sears had failed to provide any appraiser with the information necessary to complete the cost approach.

■■■ Finding that Sears offered no credible reason for its inexcusable delay in moving the case beyond the initial filing of a petition for review with the trial court, that the testimony of Mr. Patcella was unpersuasive, and that Sears' delay had caused actual prejudice to the parties because an accurate retroactive appraisal of the property could not be obtained, the trial court entered a judgment non pros with prejudice against Sears and ordered that it take an immediate appeal to this Court which it did.[4]

pressed in 1901(a) through the promulgation of local rules.

3. In *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), our Supreme Court determined that a two-year period of docket inactivity presumptively established the prejudice to the adverse party necessary to enter judgment of non pros. However, *Jacobs* marked the end of the *Penn Piping* presumption of prejudice due to a two-year period of docket inactivity. The Supreme Court expressly held in *Jacobs* that the *Penn Piping* presumption of prejudice was "inconsistent with the well-established notion that the adversary must suffer harm before a case is dismissed for lack of prosecution." *Jacobs,* 551 Pa. at 357, 710 A.2d at 1102.

4. Our scope of review of a trial court order terminating a case under Pa. R.J.A. 1901 for lack of activity is whether the trial court com-

On appeal, Sears contends that although courts are to be given considerable discretion in scheduling their docket assignments and should be commended in moving cases to prompt disposition, these functions are usually accompanied by scheduling notices or other rules which afford some notice to participants of the expected schedule of procedures and none existed here. Aside from its argument that no prejudice resulted to the parties as a result of any delay,[5] Sears contends that because there were no rules governing the progression of this or any assessment appeals, it was arbitrary and erroneous for the trial court to conclude that it had been guilty of lack of due diligence. We agree.

■ A tax assessment appeal is a statutory appeal by which a taxpayer appeals from a final decision of a board of assessment to a court of common pleas. See 2 Pa.C.S. § 752, 42 Pa.C.S. § 933(a)(2). Because it is an appeal which is defined as "any petition or other application to a court for review of subordinate governmental determinations," and not an "action at law or in equity," 42 Pa.C.S. § 102, it is not commenced by filing a complaint but by filing a petition for review. Because tax assessment appeals are not begun by complaint, the rules of civil procedure, including discovery rules, are not applicable. See Pa. R.C.P. No. 4001, Pa. R.C.P. No. 1007. If a party requests that discovery be conducted, that party must file a motion with the trial court. *Tanglwood Lakes*

*Community Association v. Pike County*, 164 Pa.Cmwlth. 170, 642 A.2d 581 (1994). Although the trial court in this case focused on Sears' failure to provide opposing counsel with any documentation for appraisal purposes, absent a motion filed by the Board or the taxing authority with the trial court, Sears was not under a legal obligation to produce and that cannot be used against it to show any lack of due diligence.

■ Because tax assessment appeals are not civil actions, the Rules of Civil Procedure do not apply (beyond the initial petition for review no pleadings are required), and unless there is a local rule to the contrary requiring that a case to be placed on a trial list after an appeal is filed, there is nothing more for a property owner or municipality to do once its appeal is filed. As to whether there was a local rule requiring some action on an appealing taxpayer to move a case foreword, the only Luzerne County rule that we could find requiring a party to list the case for trial was Luz. Co. C.P.R. No. 212 which places the burden on all parties to list the case for trial.[6] Not only is the burden placed on all parties, Luz. Co. C.P.R. No. 283 provides that before a case can be terminated:

> The Prothonotary shall prepare a General List, for General Call at 2:00 p.m. on Tuesday of the first civil argument court held after January 1, 1975, and

---

mitted a manifest abuse of discretion in terminating the action. *Blair v. Zoning Hearing Board of Pike Twp.*, 676 A.2d 760 (Pa.Cmwlth. 1996).

5. Nothing in the record showed that the Board was prejudiced in its ability to defend the assessment due to the delay. After all, it made the assessment which it is now defending. Further, there was no inordinate delay that would justify the quashing of the 1998 appeals.

6. Specifically, Rule 212 provides:

> Except upon motion and for good cause shown, each party to a civil action shall complete discovery within six (6) months of the date of the last pleading. Thereafter, any party may file a Praecipe for Trial which certifies that all pre-trial motions have been disposed of, that discovery is complete, and that the case is ready for trial.

after September 1st of each year thereafter of all civil matters in which no steps or proceedings have been taken for two years or more prior thereto. The Prothonotary shall give at least thirty (30) days notice to counsel of record, and to the parties for whom no appearances have been entered, advising them of the time, place, and date of the General Call and that an order will be entered at that time terminating a case on the grounds of unreasonable inactivity unless some action is taken before the General Call or good cause for continuing the case is shown at the General Call.

Although these appeals had been filed for a period of more than two years, they were not put on a general list for termination, and Sears was not provided with any notice by the prothonotary of Luzerne County which would indicate that the case was subject to termination. Even if these rules applied, because Rule 238 was not followed, Sears was not subject to a judgment of non pros.

Accordingly, because it was not shown that Sears violated any diligence that was due in moving the case to trial because all it needed to do was file the appeal and the case should have automatically been listed, the trial court's order is reversed.

This decision was reached prior to the death of Senior Judge Rodgers.

### ORDER

AND NOW, this 5th day of December, 2001, the order of the Court of Common Pleas of Luzerne County dated February 22, 2001, as amended by the Luzerne County Order of Court entered March 5, 2001, is reversed.