IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Christian Retreat Center | : |
| Allegheny Conference - | : |
| BIC Church, | : |
| Appellant | : |
| | : |
| v. | : No. 1357 C.D. 2015 |
| | : Submitted:  March 24, 2016 |
| Juniata County Board of | : |
| Assessment Appeals | : |


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: April 21, 2016


Christian Retreat Center Allegheny Conference – Brethren In Christ Church (Christian Retreat) appeals from the order of the Court of Common Pleas of the 41st Judicial District, Juniata County branch (trial court), granting the Juniata County Board of Assessment Appeals' (Board) motion to apply the Pennsylvania Rules of Civil Procedure (Rules of Civil Procedure), particularly, the discovery rule, to Christian Retreat's tax assessment appeal.  For the reasons that follow, we quash the appeal.

# I.

Christian Retreat made improvements to its property (Property)[1] consisting of two dining facilities, four cabins, a lodge, a barn and several pavilions.  In February 2015, Christian Retreat sought a tax exemption from local real estate taxes for the total value of the tax parcel, $404,360.00, arguing that it qualified as a purely public charity.

Following a hearing, the Board determined that the Property was not tax exempt because it did not:  1) advance a charitable purpose, 2) donate or render gratuitously a substantial portion of its services, 3) benefit a substantial and indefinite class of persons who are legitimate subjects of charity, or 4) relieve the government of some of its burden.[2]

_____

[1] The Property is located on CRC Drive, East Waterford, Lack Township, Juniata County, Pennsylvania.

[2] In making its decision, the Board reasoned:

> The stated purpose of the corporation is to provide a place of relaxation and leisure in which to promote the Christian religion.  The mixture of these purposes makes it difficult for the Board to determine that [Christian Retreat] does have a charitable purpose.  The purpose of [Christian Retreat] seems equally to be the operation of a summer camp or resort.
>
> The Board is likewise un-persuaded that the services it renders are donated or rendered gratuitously.  [Christian Retreat] receives substantial donations according to its tax returns, but it is unclear on the information provided at the hearing what proportion of its total services are [sic] rendered gratuitously to others.
>
> Furthermore, the Board is not convinced that [Christian Retreat's] activities benefit a substantial and indefinite class of individuals who are legitimate objects of charity.  The Board

**(Footnote continued on next page…)**

After Christian Retreat appealed to the trial court, the Board filed a motion for procedural order seeking, *inter alia*, an order declaring that the Rules of Civil Procedure, and particularly the discovery rule, apply to the appeal. The trial court granted the Board's motion, and Christian Retreat filed a motion for reconsideration followed by an appeal. The trial court directed Christian Retreat to file a Rule 1925(b) Statement pursuant to the Pennsylvania Rules of Appellate Procedure.[3]

---

**(continued…)**

accepts the testimony that about half of the campers are "sponsored," in other words do not pay the stated fee for their camping stay, and that substantial work has been done through the workcamps [sic] held every year to repair or improve homes of persons who do not qualify for governmental assistance. However, insufficient information was presented to enable the Board to determine the exact proportion of those activities to the total activities of [Christian Retreat].

However, the largest stumbling block for [Christian Retreat's] quest for exemption is the issue of whether its activities relieve [the] government of some burden that it is obligated to bear absent [Christian Retreat's] activities. In short, the Board is unable to determine that [Christian Retreat] has provided any services that relieve government of any burden. [Christian Retreat's] suggestion that the summer meal program participation meets that criterion is not persuasive.

(Reproduced Record (R.R.) at 18-19) (emphasis in original).

[3] Rule 1925(b) provides, in pertinent part:

Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in

**(Footnote continued on next page…)**

In its Rule 1925(b) Statement, Christian Retreat stated its intention to challenge the trial court's decision only insofar as it provided for the application of the Rules of Civil Procedure to the tax assessment appeal, arguing that "[t]he Court's blanket imposition and application of the Rules of Civil Procedure including the discovery rules, is in error, as the Pennsylvania Supreme Court has held [in *Appeal of Borough of Churchill*, 575 A.2d 550 (Pa. 1990)] that the Rules of Civil Procedure do not apply to tax assessment appeals." (R. Item No. 15, ¶5.)

In response to Christian Retreat's Rule 1925(b) Statement, the trial court issued a final memorandum, stating that the Rules of Civil Procedure indeed do not apply to tax assessment appeals pursuant to *Borough of Churchill* and requesting that the case be remanded to amend its order.[4]

---

**(continued…)**

> the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

[4] The trial court reasoned:

> Case law has established that the [Rules of Civil Procedure] do not apply to tax assessment appeals. *Appeal of Borough of Churchill*, 575 A.2d 550 (Pa. 1990). In special actions where the [Rules of Civil Procedure] have not been incorporated by reference, the [R]ules of [C]ivil [P]rocedure cannot be mandatorily imposed upon the trial courts or parties who litigate such matters, including tax assessment appeals. *Id*[.] at 552. Statutory appeals are not governed by the [R]ules of [C]ivil [P]rocedure because the Pennsylvania Supreme Court has not specifically designated or incorporated those rules to such actions. *Id*[.] at 554.

(R. Item No. 17.)

## II.

We directed the parties to address the appealability of the trial court's June 29, 2015 interlocutory order in their principal briefs on the merits pursuant to Pennsylvania Rules of Appellate Procedure 311, 313, 341 and 1311. We did so because as a general rule, an appellate court's jurisdiction extends only to review of final orders. *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1124–25 (Pa. 2009); Pa. R.A.P. 341.[5] Moreover, appellate courts generally do not provide interim supervision of discovery proceedings conducted in connection with pending litigation absent unusual circumstances. *Strain v. Simpson House*, 690 A.2d 785, 787 (Pa. Cmwlth. 1997).

---

[5] Pennsylvania Rule of Appellate Procedure 341 provides, in relevant part:

> (a) General Rule. Except as prescribed in subdivision (d) and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> (b) Definition of Final Order. A final order is any order that:
>
> > (1) disposes of all claims and of all parties; or
> >
> > (2) is expressly defined as a final order by statute; or
> >
> > (3) is entered as a final order pursuant to subsection (c) of this rule.

Pa. R.A.P. 341.

Christian Retreat contends that the trial court's order is appealable as a collateral order appealable pursuant to Pennsylvania Rule of Appellate Procedure 313,[6] which defines collateral order as:

> 1. an order separable from and collateral to the main cause of action;
>
> 2. where the right involved is too important to be denied review; and,
>
> 3. the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313. The collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral. *Brophy v. Philadelphia Gas Works and Philadelphia Facilities Management Corp.,* 921 A.2d 80, 87 (Pa. Cmwlth. 2007).

The issue in this appeal is whether the trial court's application of the Rules of Civil Procedure's discovery provisions to the underlying tax assessment appeal is an appealable order. As we held in *Doe v. Department of Public Welfare*, 524 A.2d 1063, 1065 (Pa. Cmwlth. 1987), discovery orders are not collateral unless they in no way relate to the merits of the case and meet the other standards of the collateral order rule. Reviewing the collateral order doctrine's purpose, we cautioned that to allow appeals from discovery orders would be "to invite

---

[6] Rule of Appellate Procedure 313 is considered a codification of pre-existing case law, in particular, *Pugar v. Greco*, 394 A.2d 542 (Pa. 1978), relying on *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949).

inundation of appellate dockets with what have heretofore been regarded as nonappealable matters" and would make the appellate courts "second-stage motion courts." *Id.* at 1065 (quoting *Borden Company v. Sylk*, 410 F.2d 843, 846 (3rd Cir. 1969)).

This, however, is not a discovery order in the usual sense but a challenge to the propriety of the trial court's application of the Rules of Civil Procedure's discovery provisions to a tax assessment appeal. In *Appeal of Borough of Churchill*, our Supreme Court did hold that the Rules of Civil Procedure do not apply but went on to explain that it was within the right of local courts to enact local rules concerning tax assessment appeals:

> [T]rial courts have had the right to enact rules and publish these to cover practice in this area of the law [statutory appeals]. Where they have not created and published such local rules, then each trial court has been vested with the full authority of the court to make rules of practice for the proper disposition of cases before them and that we have enforced those rules unless they violated the Constitution or laws of the Commonwealth or United States, or our state-wide rules. The general, inherent power of all courts to regulate their own practice, without control, on the ground of expediency, has been recognized by this court for almost one hundred and eighty years, … and we see no reason at this time to disturb that well-settled principle.

575 A.2d at 554.

Applying this holding, in *Tanglewood Lakes Community Association v. Pike County Board of Assessment*, we held that a trial court could order

discovery, stating that "[s]imilarly, in the absence of a state-wide rule, or a local rule of court, we hold that the trial court has the inherent power in its sound discretion to permit or to refuse discovery in tax assessment appeals." 642 A.2d 581, 583 (Pa. Cmwlth. 1994). Because discovery is permitted in tax assessment cases on an *ad hoc* basis by court order, the question that Christian Retreat seeks to appeal as a collateral order is whether the trial court abused its discretion by following the Rules of Civil Procedure's framework for discovery.

Now, we must address whether the order appealed from constitutes a collateral order. It meets the first prong of the test because it is separable from and collateral to the issue of whether Christian Retreat qualifies as exempt from taxation. It also meets the third prong because if the trial court's order is enforced, Christian Retreat will have to produce and obtain discovery in accordance with the Rules of Civil Procedure, an action that cannot be remedied after the fact. However, the order does not satisfy the second prong of the test since any purported right is not sufficiently important to deny review.

The law is clear that a trial court has the discretion to order discovery. *Id.* It is also clear that it is within the trial court's discretion to order the types of discovery allowed by the Rules of Civil Procedure including depositions and interrogatories, among others. It is also clear in this case that under the Rules of Civil Procedure, where the Board seeks discovery of items that are not discoverable or the discovery becomes overly burdensome, Christian Retreat may seek a protective order and thereby obviate any harm.

Accordingly, because we do not have jurisdiction to hear this appeal unless all three prongs of the collateral order doctrine are satisfied, and because Christian Retreat's appeal does not meet the second prong of the test in that the matter at issue is not too important to be denied review, Christian Retreat's appeal is not from a collateral order, and the appeal is quashed.

_____

DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christian Retreat Center          :
Allegheny Conference -          :
BIC Church,                       :
             Appellant        :
                              :
          v.               : No. 1357 C.D. 2015
                              :
Juniata County Board of      :
Assessment Appeals         :

# **O R D E R**

AND NOW, this 21st day of <u>April</u>, 2016, the appeal of Christian Retreat Center Allegheny Conference – BIC Church from the order of the Court of Common Pleas of the 41st Judicial District, Juniata County branch, dated July 29, 2015, at No. CV-135-2015, is quashed.

_____
DAN PELLEGRINI, Senior Judge