Blume, et ux., Appellants, *v.* Western Airlines, Inc., et al.

Argued June 11, 1974. Before WATKINS, P. J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (JACOBS, J., absent).

*Paul A. Lockrey,* for appellants.

*William Lee Akers,* for appellees.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from an order of the Court of Common Pleas, of Philadelphia vacating an order permitting the joinder of a party defendant and opening a judgment by default against that party.

The appellants, Hyman Blume and Reba Blume, his wife, had two pieces of luggage lost while traveling between Mexico and Los Angeles. They sued the carrier, Western Airlines, Inc., in an assumpsit action for the loss. In the course of the suit, the appellant attempted to join Buck Airport Service, Inc., the appellee. They did this by petition seeking permission of the motion court under Rule 2180(c) of the Rules of Civil Procedure, and requested permission to serve appellee, a California corporation, as a foreign defendant and the petition was granted by the court below.

The appellee prepared answers to the complaint but as all the pleadings relevant to this case contained the name of Buck Airport Services, Inc. and the original complaint did not, the Prothonotary of Philadelphia County refused to accept the pleadings for docketing.

When there was no reply to the complaint on the docket, the appellant took a default judgment. The ap-

pellee then wrote to the court to point out that they were prevented from filing their pleadings by the action of the Prothonotary. The court below then entered its order vacating its prior order permitting joinder and service on the appellee and declaring all subsequent proceedings a nullity and so opening the default judgment. The court, in its opinion, stated it did so because appellants had not sought his permission to join appellee as an additional defendant as is required by Rules 2251-2257, Pennsylvania Rules of Civil Procedure. Although Rules 2251-2257 speak of joinder, they do not apply to a plaintiff seeking to sue additional parties in his original suit; but instead, provides for the joinder of additional defendants by a defendant to an action already commenced. The right to join additional parties as co-defendants at any time of the proceedings within the period of limitations is prescribed in Rule 2232(c). In addition, Rules 2232(c) and 2229 (b) and (d) give a plaintiff the right to join in a single lawsuit any party who may be singly or jointly liable to him. It may be true that the appellants did not comply with the letter of the said rules since they proceeded under Rule 2180(c), but the purpose of the rules is to expedite procedure and accomplish ultimate justice for the parties and their petition clearly stated that they sought permission to join Buck Airport Services, Inc. as an additional defendant, to wit: "The Defendant, Buck Airport Services, Inc., which Plaintiff's wish to add as a party defendant."

While this Court does not condone this procedure and suggests that the rules be properly complied with, we feel there was substantial compliance with the rules for obtaining leave of court to join an additional defendant. This is especially true in that the appellants otherwise would be prejudiced by the passing of the time fixed by the Statute of Limitations.

The order of the court below of September 20, 1973 vacating its order of November 28, 1972 is reversed so far as it removes Buck Airport Services, Inc. as a party, but is sustained in its effect of opening the default judgment. The Prothonotary is directed to accept and docket pleadings under the original docket number. The case is remanded for further proceedings consistent with this opinion.

JACOBS, J., took no part in the consideration or decision of this case.