WIEAND, Judge:
John C. Paden was injured when, on May 1, 1991, he fell through a hole in the second floor of a construction site. Paden filed a praecipe for summons against SAE Americon and, after being ruled to do so, a complaint in which it was alleged that Carlson Mid-Atlantic Inc. was the general contractor and SAE [1] its parent corporation. On April 30, 1993, one day before the statute of limitations expired, Paden filed an amended complaint in which he also named as a party defendant the alleged flooring sub-contractor, Baker Concrete Construction, Inc. (Baker). This amended complaint was filed without leave of court and without the written consent of the remaining parties. Baker thereupon filed preliminary objections alleging that the amended complaint had been improperly filed, that Baker had been joined improperly, and requesting that Baker’s joinder as a party defendant be stricken. The trial court agreed, sustained the preliminary objections and struck the joinder of Baker as a party defendant.[2] Paden appealed.
*1228 Pa.R.C.P. 1033 permits a party at any time to file an amended pleading, “either by filed consent of the adverse party or by leave of court_” Similarly, Pa.R.C.P. 2232(c), authorizes a court, “[a]t any stage of an action,” to “order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person had been joined.”[3] However, the rule does not elaborate on the means by which such joinder shall be accomplished. This was observed by the Supreme Court in Lower Frederick Township v. Clemmer, 518 Pa. 313, 543 A.2d 502 (1988), when it said:
The Rules of Procedure do not contain specific provisions outlining a procedure where a plaintiff is required to add another person as a party defendant. In the absence of a mandated procedure, trial courts have adopted various methods to effect a proper joinder of an additional party under circumstances other than the traditional situation of a defendant adding an additional defendant which is covered by Rules 2251, et seq. See 7 Goodrich Amram § 2232(c):l.l, pp. 563-64. Among the methods approved by the lower courts is the kind of procedure adopted by the Township and approved by the chancellor in this ease, namely, adding an additional party by petition and rule. 7 Goodrich Amram § 2232(c):l.l, supra.
Id. at 326-327, 543 A.2d at 509 (footnote omitted). However, whatever method is followed, “the plaintiff may not join additional parties after the commencement of the action without the leave of the court.” 3 Standard Pennsylvania Practice 2d, § 14:150 (footnote omitted). See also: Blume v. Western Airlines, 230 Pa.Super. 111, 326 A.2d 443 (1974); Kukich v. McNeil Laboratories, 43 D. & C.3d 373 (1986); Goodrich Amram 2d, § 2232(c):3.
This rule was not intended to benefit a party such as Baker who was joined as a party defendant in the present action. Baker, or a party similarly situated, could always have been sued in a separate action without prior leave of court. The rule, rather, was intended to protect those who were already parties to the action against delay and to permit the court to supervise the orderly progression of the action. Neither a plaintiff nor a defendant should be subjected to undue delay or other potential prejudice which may result from a change of direction caused by an unexpected amendment to join one or more additional parties.
In the instant case, it is clear that Baker could have been joined as a party defendant in Paden’s initial action. Pa. R.C.P. 2229(b). It is equally clear that a separate action against Baker, if appellant had pursued such, a course, would not have been barred by the statute of limitations on April 30, 1993. Instead of these permissible courses, Paden’s lawyer elected to ignore the applicable procedural rules, run roughshod over the rules intended to guarantee orderly proceedings and play the game according to his or her own dictates. Where this has occurred, the law clearly permits a trial court to strike an amended complaint which attempts to join an additional person as a party defendant without leave of court.
However, while the trial court could exercise its discretion to dismiss the amended complaint against Baker, it could also approve the joinder nunc pro tunc and deny the motion to dismiss the action against Baker. Because of the unusual circumstances of this case, the court was required to weigh the consequences of its decision for the several parties. In this case, the trial court denied the joinder. It is now for this reviewing court to determine whether the trial court abused its discretion.'
The record discloses not one iota of prejudice to any of the original parties to the action from the joinder of Baker as a party defendant. There is no suggestion that the joinder of Baker as a party defendant would prolong the action unreasonably or render the action unnecessarily complex or unmanageable. Baker, of course, objects to the joinder because it does not wish to be sued, although this is hardly a consideration sufficient to prevent joinder if the joinder is otherwise proper. The trial court dismissed the joinder solely because the rule requiring *1229 prior court approval had been violated. It did so without considering the consequences its decision would have on the parties.
By striking the joinder of Baker, the court caused serious prejudice to the plaintiff who, because of the erroneous procedure adopted by his lawyer, will never be able to assert a claim against Baker. Baker was sued within the period allowed by the statute of limitations, and immediate notice was given to Baker by prompt service. Thus, a substantively proper party defendant was joined and made a party within the time allowed by the applicable statute of limitations. Although substantively proper, the joinder was procedurally defective because of the failure of plaintiffs counsel to seek court approval which, under the circumstances of this case, would in all likelihood have been granted.
Under these circumstances, we are constrained to conclude that it was an abuse of discretion to strike the joinder and thereby forever bar the assertion of Paden’s cause of action against Baker. The trial court should have followed the advice of Pa.R.C.P. 126, which sagely teaches that “[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.”
Reversed and remanded for a determination of Baker’s remaining preliminary objections and for such further proceedings as may be consistent with the foregoing opinion. Jurisdiction is not retained.

. SAE was designated in the pleadings under three different corporate names.

. The trial court, having stricken the amended complaint, did not decide Baker's preliminary objections in the nature of a demurrer.

. This general authorization is subject to the limitation that a party defendant cannot be joined after plaintiff's action against said defendant has been barred by the statute of limitations. See: Goodrich Amram 2d, § 2232(c):7; 3 Standard Pennsylvania Practice 2d, § 14:151.