J. A03038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VALERIE HUYETT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DOUG'S FAMILY PHARMACY | : | |
| | : | |
| Appellee | : | No. 776 MDA 2014 |

Appeal from the Judgment Entered June 16, 2014
In the Court of Common Pleas of Berks County
Civil Division No(s).: 08-4706

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 18, 2015**

Appellant, Valerie Huyett, appeals from the judgment entered in the Berks County Court of Common Pleas following a jury trial and verdict in her favor for $21,394.92, which was against Appellee, Doug's Family Pharmacy. Appellant contends the court abused its discretion by refusing to award her counsel fees totaling $106,429.30. We vacate and remand.

We adopt the facts set forth in the trial court's opinion. **See** Trial Ct. Op., 8/18/2014, at 1-2. We reiterate that the trial court denied Appellee's motion for judgment notwithstanding the verdict or for a new trial. On January 17, 2014, the court denied Appellant's motion for counsel fees, reasoning as follows:

---

[*] Former Justice specially assigned to the Superior Court.

> A review of the jury verdict makes clear that the jury accepted [Appellant's] claim of entitlement to lost earnings of . . . ($18,894.92) but awarded an extremely modest amount for noneconomic loss of . . . ($2,500.00). This Court has conducted an independent analysis of the evidence as required by 43 P.S. § 962(c) and concludes **the jury's verdict was not**, in this Court's opinion, **supported by the evidence** submitted to it. The evidence was not overwhelming. Of particular importance to this Court was [Appellant's] introduction of an email allegedly authored by a co-worker, Stephanie Mitchell. The email criticized [Appellant's] work performance at [Appellee] and suggests that [Appellant] was terminated due to poor work performance rather than a discriminatory reason. This email was contradicted by Stephanie Mitchell's later affidavit that [Doug Hess] had specifically told Stephanie Mitchell that he . . . had terminated [Appellant] because of her illness. On cross-examination concerning the contradiction of the email and affidavit before this Court, Stephanie Mitchell testified that she did not recall whether she wrote the email and claimed that although it was sent from her personal email address, Doug Hess's wife, Lisa, was present at the pharmacy on the day she wrote the email and may have added material to the email before it was sent to [Appellant]. **This Court did not and does not find the testimony of Stephanie Mitchell to be credible.** This contradictory testimony was relied on extensively by [Appellant]. It is within my discretion under 43 P.S. § 962 to deny [Appellant's] attorney's motion for fees and costs.

Order, 1/17/14, at 1-2 (emphases added).

On April 14, 2014, although the trial court had not yet entered judgment, it granted Appellant's motion to file a notice of appeal *nunc pro tunc* from the January 17, 2014 order.[1] On May 5, 2014, Appellant filed a

---

[1] ***See generally*** 20 West's Pennsylvania Appellate Practice § 301.26 (2014) ("Where an order on counsel fees precedes the entry of the final order in a

notice of appeal and a timely, court-ordered Pa.R.A.P. 1925(b) statement.

The trial court entered judgment on June 16, 2014.[2]

Appellant raises the following issues:

Did the lower court err and exceed the permissible scope of its discretion in its January 15, 2014 order insofar as the lower court invaded the province of the jury in order to deny [Appellant's] request for the "make whole" remedy of attorney's fees pursuant to the fee shifting provision of the remedial [Pennsylvania Human Relations Act[3] ("PHRA")] solely on the basis of a credibility determination adverse to [Appellant]?

Did the lower court err and exceed the permissible scope of its discretion in its January 15, 2014 order and defy controlling authority insofar as the lower court misapplied and misstated the Supreme Court's controlling statement of law on the issue of attorney's fees under the PHRA?

Did the lower court err and exceed the permissible scope of its discretion in its January 15, 2014 order when it defied controlling authority, which limited its discretion, in order to deny the prevailing [Appellant's] request for the "make whole" remedy of attorney's fees pursuant to the fee shifting provision of the remedial PHRA?

Did the lower court err and exceed the permissible scope of its discretion in its January 15, 2014 order insofar as the lower court improperly converted the proceeding into a bench trial, and adopted [Appellant's] factual narrative and legal arguments in order to nullify the jury's determination

---

case, it is deemed interlocutory and unappealable until entry of the final order in the underlying litigation." (footnote omitted)).

[2] Thus, this Court's appellate jurisdiction was perfected. ***See generally Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*).

[3] 43 P.S. §§ 951-963.

> that [Appellant] had successfully proven a violation of the PHRA which would warrant the "make whole" remedy of attorney's fees pursuant to the fee shifting provision of the remedial PHRA?

Appellant's Brief at 3-4.

We summarize her second and sixth arguments together.[4] Appellant contends the trial court usurped the jury's credibility determinations by holding it did not find Stephanie Mitchell's testimony credible. *Id.* at 26-27, 50. Appellant counters that the jury found Mitchell credible in awarding a verdict in her favor and notes the court denied Appellee's motion for judgment notwithstanding the verdict. *Id.* at 31. We are constrained to vacate and remand.

---

[4] Appellant raises six arguments in support of her four issues, which are closely related. Appellant violated Pa.R.A.P. 2119(a), which mandates that "argument shall be divided into as many parts as there are questions to be argued." *See* Pa.R.A.P. 2119(a). We reluctantly decline to quash. *See PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 615 (Pa. Super. 2014) (refusing to quash appeal despite numerous violations of appellate briefing rules); *see also Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011) ("The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised."). Furthermore, her arguments—some of which are duplicative—fall within the scope of one or more of her issues. "[A]ppellate advocacy is measured by effectiveness, not loquaciousness." *Commonwealth v. Ellis*, 626 A.2d 1137, 1140-41 (Pa. 1993) (quotation marks and citation omitted); *see also Smith v. Cheung*, 2014 WL 7801634, at *3 n.9 (Pa. Super. Apr. 15, 2014) ("Judges are not like pigs, hunting for truffles buried in briefs." (citation omitted)).

"[T]he award of counsel fees and costs under the [PHRA] is within the sound discretion of the trial court and will not be reversed unless the trial court commits an abuse of that discretion." **Hoy v. Angelone**, 720 A.2d 745, 752 (Pa. 1998).

> When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

**Paden v. Baker Concrete Const., Inc.**, 658 A.2d 341, 343 (Pa. 1995) (quotation marks and citations omitted); **accord Hoy**, 720 A.2d at 752.[5]

---

[5] A "court by definition abuses its discretion when it makes an error of law." **Koon v. United States**, 518 U.S. 81, 100 (1996). In **Krasnov v. Dinan**, 465 F.2d 1298 (3d Cir. 1972), the United States Court of Appeals for the Third Circuit set forth the following standard for reviewing the decisions of the district court:

> [O]ur responsibility is not to substitute findings we could have made had we been the fact-finding tribunal; our sole function is to review the record to determine whether the findings of the District Court were clearly erroneous, i.e., whether we are left with a definite and firm conviction that a mistake has been committed. It is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.

The United States Court of Appeals for the Third Circuit has also adopted an abuse of discretion standard: "We may also find an abuse of discretion when the trial court uses improper standards or procedures in determining [counsel] fees, or if he does not properly identify the criteria used for such determination. Factual findings, of course, are subject to the clearly erroneous standard of review."[6] ***Silberman v. Bogle***, 683 F.2d 62, 65 (3d Cir. 1982) (citation omitted).

---

> Unless the reviewing court establishes the existence of either of these factors, it may not alter the facts found by the trial court. To hold otherwise would be to permit a substitution by the reviewing court of its finding for that of the trial court, and there is no existing authority for this in the federal judicial system, either by American common law tradition or by rule and statute.

***Id.*** at 1302-03 (quotation marks and citation omitted). We acknowledge that generally, "federal court decisions do not control the determinations of the Superior Court." ***NASDAQ OMX PHLX, Inc. v. PennMont Secs.***, 52 A.3d 296, 303 (Pa. Super. 2012) (citation omitted).

[6] The High Court explained "clearly erroneous" as follows:

> Although the meaning of the phrase "clearly erroneous" is not immediately apparent, certain general principles governing the exercise of the appellate court's power to overturn findings of a district court may be derived from our cases. The foremost of these principles . . . is that a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty . . . if it undertakes to

In ***Martin v. Evans***, 711 A.2d 458 (Pa. 1998), a jury found the defendant was not negligent. ***Id.*** at 459. Our Supreme Court examined whether the trial court erred by "granting a new trial based on its determination that the [jury's] verdict was against the weight of the evidence." ***Id.*** at 459. The trial court had relied on conflicting testimony that established the defendant's liability. ***Id.*** at 463. The ***Martin*** Court unanimously reversed the trial court:

> A resolution of whether [the defendant] was negligent relied upon a credibility determination and the jury's assessment of what constituted ordinary care under the circumstances. **Because this assessment was solely within the province of the jury, the trial court was not at liberty to reassess the evidence and make its own credibility determinations simply because it would have reached a different conclusion.** Accordingly, we hold that the trial court abused its discretion **by disregarding the jury's credibility determination and substituting its own**.

---

> duplicate the role of the lower court. In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*. If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

***Anderson v. City of Bessemer City, N.C.***, 470 U.S. 564, 573-74 (1985) (quotation marks and citations omitted).

*Id.* (emphases added and punctuation and citations omitted).

The pertinent statute of the PHRA follows:

> (c.2) If, after a trial held pursuant to subsection (c), the court of common pleas finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the court may award attorney fees and costs to the prevailing plaintiff.

43 P.S. § 962(c.2). "Use of the term 'may' signals the legislature's intention to rest the award of counsel fees and costs within the discretion of the trial court." *Hoy*, 720 A.2d at 751. The *Hoy* Court acknowledged that it may refer to the federal statutory analogue at 42 U.S.C. § 2000e,[7] but was not bound by it or case law construing it. *See Hoy*, 720 A.2d at 751-52.

In *Hoy*, our Supreme Court held the trial court did not abuse its discretion in denying counsel fees following a jury verdict in the plaintiff's favor:

---

[7] Subsection (k) follows:

> (k) Attorney's fee; liability of Commission and United States for costs

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k). The statute is part of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, which prohibits employment discrimination.

> After review of the record, we do not believe that the trial court committed an abuse of discretion when it denied counsel fees to [the plaintiff]. The Superior Court noted that [the plaintiff] received a fairly substantial monetary recovery against [the defendant] for its violation of the Act. Additionally, as noted by Judge McEwen in his concurrence [to the Superior Court majority], the violation of the Act was fairly debatable, as the evidence was not overwhelming. The trial court weighed the verdict against the evidence and determined, in its discretion, that an award of counsel fees was not appropriate.

*Id.* at 752.[8]

Instantly, the trial court—despite denying Appellee's motion for post-trial relief—held that the jury's verdict was not supported by the evidence. Order, 1/17/14, at 1. Furthermore, the court—identical to the trial court in **Martin**—reassessed the evidence by rejecting the jury's credibility determination in favor of Mitchell and substituting its own. **See id.**; **Martin**, 711 A.2d at 463. The trial court reversed the jury's finding of fact and was convinced the evidence did not support the jury's verdict, **cf. Anderson**, 470 U.S. at 573; **Krasnov**, 465 F.2d at 1302-03, despite denying Appellee's motion for post-trial relief. **See** Order, 1/17/14, at 1. Unlike the **Hoy** Court, which observed the evidence was underwhelming, the instant trial court did not simply quantify the evidence: the court flatly rejected the jury's credibility determination and substituted its own. **See Hoy**, 720 A.2d at 752. In sum, rather than weigh the evidence as, *e.g.*, overwhelming or

---

[8] The **Hoy** Court did not expand upon its use of the word "weigh."

weak, **see id.**, the instant trial court outright rejected the jury's credibility determination in favor of Mitchell. **See Martin**, 711 A.2d at 463. Because the trial court misapplied the law, it abused its discretion. **See Hoy**, 720 A.2d at 752; **Paden**, 658 A.2d at 343; **accord Silberman**, 683 F.2d at 65 (holding abuse of discretion occurs when trial court uses improper standard). Accordingly, we vacate the judgment, vacate the January 17, 2014 order, and remand for further proceedings.[9] Because we granted relief based on two of Appellant's arguments, we need not address her remaining issues and arguments. **See Siegal v. Stefanyszyn**, 718 A.2d 1274, 1277 n.6 (Pa. Super. 1998); **see generally** Pa.R.A.P. 2119(a).

Judgment vacated. Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Mundy joins the memorandum.

Judge Stabile files a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015

---

[9] If the trial court concludes counsel fees are warranted, then it may consider the reasonableness of the amount requested.