J-A24029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY R. PINKNEY | |
| Appellant | No. 3546 EDA 2014 |

Appeal from the Judgment of Sentence of December 11, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0013967-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 02, 2015**

Anthony Pinkney appeals his December 11, 2014 judgment of sentence entered upon his convictions for unlawful contact with a minor, 18 Pa.C.S. § 6318; criminal conspiracy, 18 Pa.C.S. § 903; indecent assault of a person less than thirteen years of age, 18 Pa.C.S. § 3126; involuntary deviate sexual intercourse ("IDSI"), 18 Pa.C.S. § 3123; and corruption of the morals of a minor, 18 Pa.C.S. § 6301.  Pinkney raises an evidentiary issue and also challenges the legality of his sentence.  We find that Pinkney's evidentiary claim lacks merit.  However, we vacate his judgment of sentence, and we remand for resentencing, because we agree that Pinkney's

_____

[*]      Retired Senior Judge assigned to the Superior Court.

sentence is illegal pursuant to our decision in **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014).[1]

During July and August, 2013, then-eighteen-year-old Pinkney visited his great grandmother's home, where his then eleven-year-old cousin ("Victim") lived. During his time there, Pinkney repeatedly persuaded Victim to perform oral sex on him. Eventually, Pinkney convinced Victim to perform oral sex on his friend, as well. This pattern continued on a nearly nightly basis for some time. Then, on August 5, 2013, Pinkney and his friend convinced Victim to perform oral sex on one of the young men while the other man inserted his penis into her anus.

The day after this last episode, on August 6, 2013, Victim informed her mother about Pinkney's friend, but at first did not mention Pinkney's own involvement. They then informed the police. There, Detective Adam O'Donnell interviewed Victim privately. Again, at first, she mentioned only Pinkney's friend, but, after further discussion, she also implicated Pinkney.

Pinkney was arrested, whereafter he met with Detective O'Donnell. Detective O'Donnell read Pinkney his **Miranda** rights.[2] Pinkney waived his rights, and Detective O'Donnell interviewed Pinkney about Victim's

---

[1]   Our Supreme Court has granted expedited review of our **Wolfe** decision. **See Commonwealth v. Wolfe**, 121 A.3d 433 (Pa. 2015) (*per curiam*). It has not yet issued its decision in that case.

[2]   **See Miranda v. Arizona**, 384 U.S. 436 (1966).

allegations. Pinkney denied having any sexual contact with Victim. Detective O'Donnell then summoned his colleague, Detective Justin Montgomery, who reminded Pinkney that he had waived his ***Miranda*** rights and asked Pinkney whether he would like to make a statement regarding the events of the prior day. Pinkney then admitted that he had sexual contact with Victim the prior day, and he signed a written statement to that effect. However, during his trial, Pinkney denied that he had had such contact with Victim and claimed never to have seen the written statement.

During Detective Montgomery's testimony, counsel for Pinkney questioned him regarding the date recorded on the statement, which was August 26, 2013. Detective Montgomery admitted that he had noted the wrong date; the statement in question had been made on August 6, 2013. Detective Montgomery further testified that he realized his error approximately one week before trial but never informed the prosecutor about the discrepancy. At this time, Pinkney moved for a mistrial. The trial court denied Pinkney's motion.

Following trial, the jury found Pinkney guilty of the above-cited crimes. After receiving a pre-sentence report, on December 11, 2014, the trial court imposed concurrent sentences on Pinkney's various charges totaling twelve and one half to twenty-five years' incarceration, equal to the longest individual sentence, which was imposed upon Pinkney's conviction for IDSI. The trial court also imposed seven years of probation for Pinkney's corruption of minors conviction, to run consecutively to Pinkney's

incarceration. Of relevance to Pinkney's sentencing argument, the IDSI conviction then was subject to a ten-year mandatory minimum sentence under 42 Pa.C.S. § 9718(a), which this Court since has held to be unconstitutional. **See Wolfe**, *supra*.

At the close of trial, counsel for Pinkney interposed what he styled a "motion for JNOV," which the trial court agreed to accept orally but immediately denied. On December 11, 2014, the trial court imposed Pinkney's judgment of sentence. On December 15, 2014, Pinkney timely filed the instant appeal. On December 16, 2014, the trial court ordered Pinkney to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 5, 2015, the trial court entered an amended Rule 1925(b) order. On January 20, 2015, Pinkney timely filed his Rule 1925(b) statement, and the trial court filed its Rule 1925(a) opinion on February 5, 2015, ripening this case for appeal.

In his statement of the questions involved, Pinkney raises only the following issue:

> Was the court in error upon denying a mistrial as it was discovered in court that:
>
>> a. [t]he initial interview between the detective and [Pinkney] was dated incorrectly and passed as pre-trial discovery with reasonable expectation that it is to be factual [*sic*], [and]
>>
>> b. [t]he detective did not notify the Commonwealth upon noticing the error.

Brief for Pinkney at 6. However, in a two-sentence paragraph tacked on to the argument section of his brief, Pinkney also challenges the legality of his sentence. *See id.* at 11. Notably, the Commonwealth does not oppose Pinkney's challenge to the legality of sentence, and the trial court specifically asks this Court to remand for resentencing. *See* Brief for Commonwealth at 10; Trial Court Opinion ("T.C.O."), 2/5/2015, at 13.

Pinkney first challenges the trial court's refusal to enter a mistrial, which Pinkney sought upon the basis that a discrepancy on the date noted on Pinkney's August 6, 2013 statement prejudiced the defense because Pinkney had no notice of the discrepancy and thus was unable to adjust his defense strategy accordingly. Pinkney cites no case law in support of his one-page argument and includes only conclusory claims of prejudice, without the slightest effort to explain how advance notice of the discrepancy would have changed the way Pinkney approached his trial.

The standard governing our review of a challenge to a trial court's denial of a motion for a mistrial is as follows:

> A motion for a mistrial is within the discretion of the trial court. ***Commonwealth v. Stafford***, 749 A.2d 489, 500 (Pa. Super. 2000) (citations omitted). "[A] mistrial [upon motion of one of the parties] is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." ***Commonwealth v. Lease***, 703 A.2d 506, 508 (Pa. Super. 1997). It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. ***Id.*** On appeal, our standard of review is whether the trial court abused that discretion. ***Stafford***, 749 A.2d at 500.

An abuse of discretion is more than an error in judgment. ***Commonwealth v. Griffin***, 804 A.2d 1, 7 (Pa. Super. 2002). On appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. ***Id.***

> When the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden . . . . [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, [it was] charged with the duty imposed on the court below; it is necessary to go further and show an abuse of discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion . . . .

***Commonwealth v. Garcia***, 661 A.2d 1388, 1394-95 (Pa. Super. 1995) (quoting ***Paden v. Baker Concrete Constr., Inc.,*** 658 A.2d 341, 343 (Pa. 1995) (citations and quotation marks omitted)).

***Commonwealth v. Tejeda***, 834 A.2d 619, 623-24 (Pa. Super. 2003) (citations modified; footnote omitted).

As noted, Pinkney's argument is conclusory and lacking in any material legal analysis. This Court consistently has held that, "[w]hen an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived." ***Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa. Super. 2008). Although Pinkney asserts that there is no Pennsylvania case law addressing the question presented, that is beside the point: Our decisional law, in fact, is replete with cases concerning Commonwealth

discovery violations and the like from which one may derive broader principles of general application, especially with regard to what constitutes prejudice necessitating relief.

It is not this Court's responsibility to comb through our case law when an appellant declines to do so. Furthermore, a mistrial should only be granted when the error in question has the unavoidable effect of depriving the appellant of a fair and impartial trial, and this Court will reverse a trial court's refusal to do so only when its determination that such prejudice did not occur reflects a manifest abuse of discretion. **See Tejeda**, *supra*. Pinkney's failure to specify with any particularity how a simple discrepancy on the date recorded on his statement compromised the fairness of his trial leaves this Court with no basis upon which to grant relief. Accordingly, we affirm the trial court's decision not to grant a mistrial.

With respect to Pinkney's assertion that his judgment of sentence was illegal, his failure to provide any meaningful argument on this point, beside a citation to this Court's decision in **Wolfe**, *supra* (without even providing a citation for that decision), does not waive his claim. **See Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) ("[C]hallenges to the legality of the sentence are never waived."). As noted, *supra*, at the time of his sentencing, Pinkney was subject to a ten-year mandatory minimum sentence for his IDSI conviction pursuant to 42 Pa.C.S. § 9718(a). However, this Court since has held that subsection 9718(a) is facially unconstitutional. **See Wolfe**, *supra*. Although our Supreme Court has

granted review of our decision in that case, unless and until the Court reverses or modifies our decision, it remains the law of Pennsylvania. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006).

As noted, neither the trial court nor the Commonwealth disputes that *Wolfe* renders Pinkney's sentence illegal. The trial court expressly asks that we remand the case for resentencing, and the Commonwealth does not oppose the trial court's request. Under these circumstances, we discern no benefit to reviewing the law at length, although the trial court has provided an admirably erudite account of the evolution of the law leading directly to our *Wolfe* decision from the United States Supreme Court's decision in *In re Winship*, 397 U.S. 358 (1970), forward. *See* T.C.O. at 7-13.

Both parties and the trial court correctly relate the effect of our decision in *Wolfe* upon sentences like Pinkney's. Although the trial court in fact imposed a sentence upon Pinkney's IDSI conviction that exceeds the prescribed ten-year mandatory minimum sentence, neither the trial court nor the Commonwealth suggests that this warrants a different result than *Wolfe* would require had Pinkney been sentenced just to the ten-year mandatory minimum on that charge. Given that it is not at all obvious that such a circumstance would restore the legality of Pinkney's sentence, and because the parties provide no advocacy on this issue, we assume without deciding that *Wolfe* requires the same result under the instant circumstances. Accordingly, we vacate Pinkney's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2015