J-S20013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JO LEE DIDYOUNG, | : | |
| | : | |
| Appellant | : | No. 1201 MDA 2017 |

Appeal from the Judgment of Sentence entered July 5, 2017,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s):  CP-06-CR-0005487-2016.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 06, 2018**

Jo Lee Didyoung appeals from the judgment of sentence of five days to six months in county jail, after her conviction in a bench trial of driving under the influence (DUI) of a controlled substance (*i.e.*, Xanax).  We affirm.

During the wee hours of a Saturday, Didyoung was driving her vehicle through a residential neighborhood, on a street with no middle line.  Her car was so far to the left that an oncoming driver had to swerve to avoid a head-on collision.  That driver was a police officer.

The officer turned around and initiated a traffic stop.  He observed that Didyoung was lethargic, slow to respond to his questioning, and had difficulty with her motor skills.  In particular, when the policeman instructed her to exit the vehicle, she could not spatially locate the door handle, grabbing air several times before touching the handle.

When the officer asked her if she was alright or needed an ambulance, Didyoung admitted that she was on Xanax.  This, along with a slight smell of alcohol, prompted the officer to perform four field sobriety tests.  The trial court admitted the results of three (the walk-the-line, stand-on-one-leg, and finger-to-nose tests) into evidence.  Didyoung failed all three in spectacular fashion.  The officer arrested her for DUI.

He sent Didyoung to a DUI Processing Center for blood testing, but the Commonwealth did not submit the results of her blood draw into evidence.  The record is not exactly clear why the Commonwealth did not move for the blood draw's admission into evidence, but it appears that the test may have violated **Birchfield v. North Dakota**, 576 U.S. ___ (2016).[1]  In any event, the officer testified as to his opinion of Didyoung's impairment and inability to drive safely upon a highway of the Commonwealth.  His opinion, based upon 20 years on the force and extensive DUI-recognition training, served as the lynchpin of the Commonwealth's case against Didyoung.

The trial judge, crediting the officer's testimony, experience, and training, convicted Didyoung.  This appeal followed.

Didyoung asks us three questions:  (1) whether the evidence sufficiently proved DUI beyond a reasonable doubt, (2) whether the trial court erred by admitting the arresting officer's opinion regarding prescription-drug-induced

---

[1] **Birchfield v. North Dakota**, 576 U.S. ___ (2016), holds that consent to a blood test, predicated upon threat of additional criminal penalties for refusing such a blood test, is not constitutional consent under the Fourth Amendment to the Constitution of the United States.

impairment, and (3) whether the trial court abused its discretion by failing to require scientific evidence of medication in her system or expert testimony regarding the same. *See* Didyoung's Brief at 6. In the argument section of her brief, Didyoung treated the second and third questions as one issue, and so will we.

Turning to Didyoung's first claim of error, we find waiver. The Supreme Court of Pennsylvania has made it abundantly clear that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Jones*, 985 A.2d 915, 924 (Pa. 2009). *See also* Pennsylvania Rule of Appellate Procedure 2119.

Although Didyoung decries that "the Trial Judge got it wrong," she does not develop why she believes that is so or how the Commonwealth's evidence is insufficient in her brief. Instead of a rigorous legal argument of the issue raised, Didyoung provides us with six pages of unartful paraphrases and block quotes – copied and pasted from the record – intermixed with her editorial comments on the credibility of the Commonwealth's witness. Didyoung does not even quote the statute under which the court convicted her or explain which of the elements she thinks the Commonwealth failed to prove beyond a reasonable doubt. Moreover, her argument on this issue contains no citation to any case law.

All Didyoung offers us, following her string of hodgepodge quotations from the record, is a rhetorical question and a summary conclusion. *See*

Didyoung's Brief at 15. This Court cannot guess which elements of DUI that Didyoung believes the Commonwealth failed to prove beyond a reasonable doubt, nor may it supply her with a legal argument when she has made none. As a result, we have no way of performing a meaning appellate review of this issue, because we do not know what insufficiency Didyoung perceives in the record. Thus, we dismiss her first issue as waived. **Jones**, **supra**.

Didyoung's second issue, regarding the admission of the officer's lay opinion regarding her impairment, survives waiver, albeit just barely. While she does not cite to (much less discuss) the Pennsylvania Rules of Evidence, at least, Didyoung references a case that she thinks is on point and states that the "trial court's reliance on **Commonwealth v. Tarrach**, 42 A.3d 342@346 (Pa. Super 2012), is misplaced." Didyoung's Brief at 16. In her view, the trial court should have barred the officer from offering his lay opinion under this Court's recent *en banc* decision in **Commonwealth v. Gause**, 164 A.3d 532 (Pa. Super. 2017), **appeal denied**, ____ A.3d ____ (Pa. 2017). On the other hand, the Commonwealth contends that Pennsylvania Rule of Evidence 701 and **Commonwealth v. Griffith**, 32 A.3d 1231 (Pa. 2011) control and permit the trial judge the discretion to rule as she did.

The judge held that the police officer could provide his lay opinion, and we deferentially review a trial court's evidentiary rulings. The admissibility of evidence is committed to the discretion of the trial court, "and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion." **Commonwealth v. Poplawski**, 130 A.3d 697 (Pa.

2015) (*citing Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1046 (*citing Paden v. Baker Concrete Constr., Inc.,* 658 A.2d 341, 343 (Pa. 1995)). Also, a trial court abuses its discretion if "the law is overridden or misapplied." *Paden* (*quoting Mielcuszny et ux. v. Rosol*, 176 A. 236, 237 (Pa. 1934).

The parties agree that the officer testified as a lay witness – *i.e.*, not as an expert.

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701.

The Supreme Court of Pennsylvania has refused "to hold that the need for expert testimony is inherent in [75 Pa.C.S.A. § 3802(d)(2)] and thus mandatory in all cases." *Griffith*, *supra*. at 1238. Correctly interpreting and applying *Griffith* to the case at bar, the learned trial judge explained in her 1925(a) Opinion:

contrary to [Didyoung's] assertion, this court found Officer Sacks's testimony to be credible. Therefore, this issue is without merit.

With regard to [Didyoung's] claim that expert testimony was required, as previously discussed, the Supreme Court of Pennsylvania specifically held that expert testimony was not necessarily required in order to convict a defendant for violating Section 3802(d)(2) of the . . . Vehicle Code. An *en banc* panel of the Superior Court recently explained:

> Depending on the specific facts and circumstances, expert testimony may be helpful, or perhaps even necessary, to prove causation under subsection 3802(d)(2). Accordingly, the question of whether expert testimony is necessary in such cases must be evaluated on a case-by-case basis, taking into account not just the specific drug at issue . . . but also the nature and overall strength of the Commonwealth's evidence. In essence, the Court determined that expert testimony is not necessary to establish impairment under subsection 3802(d)(2) where there exists other independent evidence of impairment.

**Commonwealth v. Gause**, 164 A.3d 532, 583 (Pa. Super. 2017) (**citing Commonwealth v. Griffith**, **supra**).

Here, [Didyoung] admitted that she had taken Xanax. Officer Sacks credibly testified that [Didyoung's] erratic driving forced him to swerve to avoid a collision. [Didyoung] failed the standardized field sobriety tests. In addition, Officer Sacks, who has twenty years of experience as a police officer and who also received training from the State Police on how to detect whether individuals are under the influence of drugs that affect the central nervous system, testified that [Didyoung's] lethargic state and lack of motor skills, coupled with the other facts of record, led him to conclude that [Didyoung] was incapable of safely driving. As in **Griffith**, **supra**, the facts in the instant case were so telling that an expert was not required to establish impairment. Therefore, this claim also lacks merit.

Trial Court Opinion at 7-8.

We could not agree more with the trial judge's thoughtful, well-reasoned analysis on this point. Thus, this Court adopts the trial judges' decision on this issue and concludes that she did not abuse her discretion in admitting the officer's lay opinion testimony into evidence.

Judgment of sentence affirmed.

President Judge Gantman joins the Memorandum.

Judge Ott files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:07/06/2018