IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry L. Bierley,             :
                                 :
               Appellant   :
                                 :
               v.            : No. 551 C.D. 2017
                                 : Submitted: July 6, 2018
James L. Kowalski; Elizabeth    :
Kowalski-Osterberg; William    :
Osterberg; Victoria Dougan;     :
Victor Kowalski; and Ruth      :
Kowalski                    :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                     FILED: September 6, 2018

Harry L. Bierley (Bierley), proceeding *pro se*, appeals from an order of the Court of Common Pleas of Erie County (trial court), which sustained Appellees'[1] preliminary objections in the nature of a demurrer and dismissed Bierley's complaint with prejudice. This case returns to us following our remand to the trial court for a determination as to whether Bierley was entitled to *nunc pro tunc* relief. On remand, the trial court determined that Bierley was not entitled to *nunc pro tunc* relief, and it remitted its original decision dismissing Bierley's complaint. This appeal is now

---

[1] Appellees are James L. Kowalski; Elizabeth Kowalski-Osterberg; William Osterberg; Victoria Dougan; Victor Kowalski; and Ruth Kowalski.

ripe for disposition.[2]  In addition to the appeal, Bierley presents an application for remand.  For the reasons that follow, we affirm the order of the trial court and deny Bierley's application for remand.

We begin by briefly summarizing the relevant history of this litigation. The underlying dispute began in 2015, when Bierley filed his first complaint for unjust enrichment (2015 Action) against Appellees for the care rendered to their mother, Linda Kowalski (Deceased), who died on February 1, 2015, while residing at 3123 German Street, Erie, Pennsylvania (Property).[3]  Bierley alleged that he and the Deceased lived together for 25 years and that he cared for her and maintained the Property during that time.  Original Record (O.R.), Item No. 17.25, Appendix in Support of Preliminary Objections, Complaint for Unjust Enrichment.  Bierley filed suit seeking monetary damages and the deed to the Property from Appellees, claiming they were unjustly enriched by his services.  *Id.*

Appellees filed preliminary objections (POs) to the complaint, contending, among other things, that Bierley did not state a cause of action for unjust enrichment.  The trial court issued a memorandum order sustaining Appellees' POs in the nature of a demurrer and dismissing the complaint with prejudice on this basis. O.R., Item No. 17.25, Appendix in Support of Preliminary Objections, Trial Court

---

[2] This Court granted the parties leave to file supplemental briefs addressing any issues raised by the trial court's *nunc pro tunc* order.  Bierley filed a supplemental brief.  Appellees filed a letter indicating their intention to rely solely on their principal brief previously filed in this matter.

[3] Upon Deceased's death, Appellees decided to sell the Property.  There was an ancillary landlord/tenant action to recover possession of the Property, which Bierley would not vacate.  An eviction judgment was entered against Bierley, which was not timely appealed.  *See Kowalski v. Bierley* (C.P. Erie, No. LT-156-2015, filed June 23, 2015); *see also* Appellees' Brief at 2-4.

Memorandum Order, 10/12/15, at 1-2.[4] From this decision, Bierley filed an untimely appeal, which was quashed. O.R., Item No. 17.25, Appendix in Support of Preliminary Objections, Superior Court Order, 1/7/16, at 1.

In February 2017, Bierley commenced this lawsuit by filing a praecipe for the issuance of a writ of summons to which he appended a "Suit in Equity" (2017 Action). O.R., Item No. 6.1, Praecipe for Writ of Summons. Bierley again claimed Appellees owed him compensation for the care he rendered to the Deceased. *Id.* He sought both monetary compensation and the deed to the Property. *Id.*

Appellees filed POs on the basis that Bierley raised these same claims, against the same defendants, based on the same factual background in the 2015 Action, which was fully and finally litigated. Thus, Appellees asserted that the doctrine of *res judicata*[5] applied and required the dismissal of the 2017 Action.

---

[4] The trial court opined:

> [Bierley] failed to allege any facts establishing a duty owed by [Appellees] and, more particularly, that [Appellees] were unjustly enriched. Furthermore, the Complaint is devoid of any factual allegations establishing that [Appellees] received any benefit from [Bierley's] actions.

O.R., Trial Court Memorandum Order at 2.

[5] As our Supreme Court has opined:

> "*Res judicata*" means "a thing adjudged" or a matter settled by judgment. Traditionally, American courts have used the term *res judicata* to indicate claim preclusion, *i.e.*, the rule that a final judgment rendered by a court of competent jurisdiction on the merits *is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action.*

*McNeil v. Owens-Corning Fiberglas Corp.*, 680 A.2d 1145, 1148 n.2 (Pa. 1996) (internal citations omitted and emphasis added).

Bierley replied and filed a motion for recusal, which the trial court denied. O.R., Trial Court Order, 3/31/17, at 1.

On April 3, 2017, the trial court sustained Appellees' POs in the nature of a demurrer and dismissed the complaint with prejudice. O.R., Trial Court Order, 4/3/17, at 1. Within the 30-day appeal period, Bierley filed a notice of appeal in this Court.

In response, on May 17, 2017, the trial court directed Bierley to file a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure "within twenty-one (21) days of the date of this Order. Any issue not properly included in the Statement timely filed and served pursuant to the Rule shall be deemed waived." O.R., Trial Court Order, 5/17/17, at 1.

However, Bierley did not file a Statement until June 13, 2017, well beyond the 21-day period. Bierley requested an extension to file, which the trial court denied. The trial court, in its 1925(a) opinion, noted that Bierley failed to timely file a Statement as directed and, thus, it determined that any issues raised on appeal were waived. O.R., Trial Court 1925(a) Opinion, 6/28/17, at 1.

In his appeal, Bierley claimed that he did not receive timely notice from the trial court and that his late Statement should be excused on this basis. Upon examination of the record, it appeared that the trial court's May 17, 2017 order was initially sent to Bierley's former address, returned to sender on May 22, 2017, and then mailed to his forwarding address. O.R., Civil Docket, at 3; O.R., Item No. 33.2 (returned envelope). Bierley acknowledged receiving the order on May 24, 2017. O.R., Item No. 37.4, Request for Time Extension. It was unclear whether the delay was attributable to extraordinary circumstances. Thus, we remanded the matter to

4

the trial court to determine whether Bierley was entitled to *nunc pro tunc* relief. *Bierley v. Kowalski* (Pa. Cmwlth., No. 551 C.D. 2017, filed March 2, 2018).

On remand, the trial court determined Bierley was not entitled to *nunc pro tunc* relief. The trial court recognized the mailing delay of one week, but determined Bierley was nevertheless afforded adequate time (15 days from his receipt of the order) in which to file a Statement. Thus, the trial court remitted its 1925(a) opinion filed on June 28, 2017 in support of its dismissal.

The case now returns to us following remand.[6] Also before us for disposition is Bierley's application for remand for further proceedings in the 2017 Action.

Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure provides that, if a trial court desires "clarification of the errors complained of on appeal, it may enter an order directing the appellant to file and serve on the judge a [Statement]." Pa. R.A.P. 1925(b)(1). The trial court "shall allow the appellant at least 21 days *from the date of the order's entry on the docket* for the filing and service of the Statement." Pa. R.A.P. 1925(b)(2) (emphasis added). Where an appellant fails to timely file a Statement, all issues for appeal are waived. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

However, "[u]pon application of the appellant and for good cause shown, the judge '*may*' enlarge the time period initially specified or permit an

___

[6] Our scope of review of a decision to permit or deny *nunc pro tunc* relief is limited to a determination of whether the trial court abused its discretion. *Union Electric Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000). "'An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.'" *Commonwealth v. Safka*, 141 A.3d 1239, 1248 (Pa. 2016) (quoting *Paden v. Baker Concrete Construction, Inc.*, 658 A.2d 341, 343 (Pa. 1995)).

amended or supplemental Statement to be filed." Pa. R.A.P. 1925(b)(2) (emphasis added). "Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal." *Id.*

"*In extraordinary circumstances*, the judge *may* allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa. R.A.P. 1925(b)(2) (emphasis added). In general, *nunc pro tunc* relief is warranted only when there has been a breakdown in the process constituting "extraordinary circumstances." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). In determining whether extraordinary circumstances exist, a court must consider whether there was fraud or a breakdown in the court's operations or whether the party seeking relief has proven that:

> (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Id.*

Upon review, we conclude that the trial court did not abuse its discretion in refusing to grant *nunc pro tunc* relief. On May 17, 2017, the trial court entered its order on the docket directing Bierley to file a Statement within 21 days. Bierley did not receive the order until May 24, 2017. Although there was a slight delay between entry on the docket and receipt, Bierley still had 15 days in which to file a Statement. The trial court found that this was "adequate time" in which to file a Statement. O.R., Trial Court Remand Opinion, 3/6/18, at 1. As the trial court aptly observed, "in some postal areas, a one week mailing period is not unusual under

6

ordinary circumstances." *Id.* at 2. Bierley did not establish extraordinary circumstances for his inability to file a Statement within the time afforded. Having failed to timely file a Statement, Bierley has not preserved any issues for review.[7] *Castillo*, 888 A.2d at 780.

Accordingly, we affirm the trial court's order of April 3, 2017, sustaining Appellees' POs in the nature of a demurrer and dismissing Bierley's 2017 Action with prejudice. In conjunction therewith, we deny Bierley's application for remand.

 

 

MICHAEL H. WOJCIK, Judge

---

[7] Notwithstanding waiver, the trial court did address the merits of Bierley's appeal stating:

> Furthermore, this court considers [Bierley's] appeal to be abusive, vexatious, and repetitive. This issue was fully litigated in a prior proceeding at Erie County Docket No. 1147-2015 [(2015 Action)]. There, [Bierley] sued the same defendants regarding the same factual background. The prior action was appealed to the Pennsylvania Superior Court and was ultimately quashed as untimely. Since then, this court has been flooded with often indecipherable filings attempting to raise from the dead this very extinct claim.
>
> At the above docket, this Court sustained Appellees' [POs] which raised the fact that this matter has been previously and finally litigated and therefore, the doctrine of *res judicata* applies to bar this lawsuit.

O.R., Trial Court 1925(a) Opinion at 1.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harry L. Bierley, : 
 : 
        Appellant : 
 : 
        v. : No. 551 C.D. 2017
 : 
James L. Kowalski; Elizabeth : 
Kowalski-Osterberg; William : 
Osterberg; Victoria Dougan; : 
Victor Kowalski; and Ruth : 
Kowalski : 

O R D E R

AND NOW, this 6th day of September, 2018, the order of the Court of Common Pleas of Erie County, dated April 3, 2017, is AFFIRMED and the Appellant's Application for Remand is DENIED.

_____
MICHAEL H. WOJCIK, Judge