J-A10034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS BEAUFORD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DEFINITIVE PROPERTIES, LLC AND | : | |
| SECOND NATURE LANDSCAPING | : | |
| | : | |
| Appellee | : | No. 2766 EDA 2018 |

Appeal from the Orders Entered August 16, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. CV-2016-008925

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED MAY 23, 2019**

Appellant, Thomas Beauford, appeals from the orders granting summary judgment in the Delaware County Court of Common Pleas, in favor of Appellees Definitive Properties, LLC ("Definitive") and Second Nature Landscaping ("Second Nature"), respectively.[1]  We affirm.

_____

[1] Appellant initially sued several business entities at two separate docket numbers.  By order of December 5, 2017, the trial court consolidated the two complaints **for all purposes** under docket No. CV-2016-008925.  Thus, Appellant was not required to file two notices of appeal per ***Commonwealth v. Walker***, ___ Pa. ___, 185 A.3d 969 (2018) (holding that, as of June 1, 2018, common practice of filing single notice of appeal from disposition involving more than one docket would no longer be tolerated, because it violates Pa.R.A.P. 341, which requires filing of "separate appeals from an order that resolves issues arising on more than one docket").

Additionally, by stipulation filed on July 26, 2016, the parties agreed to the dismissal of the third and only remaining defendant named in the complaints.  Thus, the appeal is from final orders and properly before us.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND OTHERWISE COMMITTED AN ERROR OF LAW WHEN IT IMPROPERLY GRANTED [APPELLEES'] MOTIONS FOR SUMMARY JUDGMENT AND DISCONTINUED [APPELLANT'S] CASE?

(Appellant's Brief at viii).

Initially we observe:

"Our scope of review of an order granting summary judgment is plenary." ***Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership***, 764 A.2d 1100, 1103 (Pa.Super. 2000), *appeal denied*, 566 Pa. 664, 782 A.2d 546 (2001). "[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact." ***Id.*** "We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Caro v. Glah***, 867 A.2d 531, 533 (Pa.Super. 2004) (citing ***Pappas v. Asbel***, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002)).

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [his] cause of action. ***Grandelli v. Methodist Hosp.***, 777 A.2d 1138, 1145 n.7 (Pa.Super. 2001). Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2. Thus, a record that

- 2 -

supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. ***Grandelli, supra*** at 1143 (citing Pa.R.C.P. 1035.2 Note*).* "Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions." ***Grandelli, supra*** at 1144. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. ***Caro, supra***.

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). "Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." ***Paden v. Baker Concrete Constr., Inc.***, 540 Pa. 409, [412,] 658 A.2d 341, 343 (1995) (citation omitted).

> [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if…charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused. ***Id.*** (internal quotations and citations omitted).

***Bartlett v. Bradford Publishing, Inc.***, 885 A.2d 562, 566 (Pa.Super. 2005).

***Lineberger v. Wyeth***, 894 A.2d 141, 145-46 (Pa.Super. 2006).

After a thorough review of the record, the briefs of the parties, the

- 3 -

applicable law, and the well-reasoned opinion of the Honorable G. Michael Green, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed November 20, 2018, at 9-13) (finding: Appellant failed to present any facts indicating Definitive possessed actual or constructive notice of purported icy condition; Appellant slipped and fell on alleged ice puddle during active weather event such that "generally slippery conditions" prevailed in community; Definitive had no obligation to correct conditions until reasonable time after weather event ended; likewise, Appellant failed to present evidence that once Second Nature had responded to clear snow and apply salt, it had any further obligation to return to property unless called by Definitive).[2] Accordingly, we affirm on the basis of the trial court's opinion.

Orders affirmed.

_____

[2] With respect to Appellant's argument against Second Nature that the trial court violated the rule established in **Borough of Nanty-Glo v. American Surety Co. of New York**, 309 Pa. 236, 163 A. 523 (1932), the record shows the court did not rely **solely** on oral testimony from Second Nature's witnesses. Rather, the court also considered Appellant's own deposition testimony when entering summary judgment in favor of Second Nature. Thus, this particular claim merits no relief. **See Lineberger, supra** (explaining **Nanty-Glo** rule prohibits summary judgment where moving party relies **exclusively** on oral testimony, either through testimonial or deposition testimony, to establish absence of genuine issue of material fact **except** where moving party supports motion by using admissions of opposing party or opposing party's own witnesses).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/23/19</u>